IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL D. GRAVES | § | |
| | § | |
| V. | § | A-11-CA-548 LY |
| | § | |
| KATHY LYNN GASKAMP, et al. | § | |

## ORDER

Before the Court is Kathy Gaskamp's Motion to Appoint Counsel (Clerk's Doc. No. 21). The District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Movant Kathy Gaskamp requests that the Court appoint her counsel to represent her in this case. The decision to appoint an attorney is within the broad discretion of the trial judge given the particular facts of the case. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990). Courts often consider the party's financial ability to retain private counsel, the party's own efforts to secure counsel, and the merits of the claim when determining whether to appoint counsel. *Id.* at 580; *Maxwell v. Kight*, 974 F. Supp. 899, 902 n.2 (E.D. Tex. 1996). Courts have also considered a party's ability under the circumstances of the case to present the case without the assistance of an attorney. *Poindexter v. FBI*, 737 F.2d 1173, 1189 (D.C. Cir. 1984); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Maxwell*, 974 F. Supp. at 902 n.2.

In considering a motion for appointment of counsel, the court must also remain mindful of the unfairness of imposing involuntary servitude upon a member of the bar, particularly if the likelihood of the attorney being able to recover attorney's fees upon the claims appears slight. *Tatum*

*v. Cmty. Bank*, 866 F. Supp. 988, 995 (E.D. Tex. 1994).  Moreover, there are no federal funds allocated to the prosecution of civil lawsuits.  For that reason, if the Court were to appoint an attorney, counsel would have to serve entirely without compensation unless the attorney was able to recover his or her fees under a statute permitting such.

In this case, the Movant is both a defendant with regard to claims asserted by her former husband, and also a counter- and cross-plaintiff asserting counterclaims against her former husband, and cross-claims against several of the other Defendants.  Judging from what the parties have filed, the parties' versions of the facts differ wildly.  But the claims themselves are not as complex as their respective recitations of what happened might suggest.  At this stage in the litigation, the Court cannot estimate the merits of her claims and defenses.  Further, she attended some college and has demonstrated the writing skills necessary to present her case.

The Movant previously filed a motion to proceed *in forma pauperis*, which the Court did not need to determine when it construed her claim as a defense and counterclaim.  *See* Order, Clerk's Doc. No. 27.  In her motion, however, she states that she used to make $250,000 a year, and she does not provide her current worth beyond stating that she is "financially unable to hire counsel." Motion to Appoint Counsel at 2.  Without more information, the Court cannot evaluate whether she can afford to retain a private attorney.

At this point in the litigation, the Court is unwilling to require an attorney to represent the Movant without a fee.  She currently lives in Washington, and not only would the lawyer not receive compensation for representing her, but appointment might also require the lawyer to incur substantial travel costs.  The Movant is educated and formerly earned a substantial income.  Further, her filings

demonstrate the ability to articulate her position. Therefore the Court DENIES the Movant's Motion to Appoint Counsel (Clerk's Doc. No. 21) at this time.

SIGNED this 10th day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE