IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL D. GRAVES | § | |
| | § | |
| V. | § | A-11-CA-548 LY |
| | § | |
| KATHY LYNN GASKAMP, et al. | § | |

**ORDER**

Before the Court are the Plaintiff's Motion to Compel Kathy Lynn Gaskamp Graves to Respond to Interrogatories and Request for Production (Clerk's Doc. No. 65); Plaintiff's Motion to Compel Document Production from Washington County District Attorney's Office or Alternatively Issuance of Show Cause Order and Request for Grand Jury Transcripts (Clerk's Doc. No. 77).  The District Court referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The District Court entered a scheduling order that closed the discovery period on June 1, 2012.  Clerk's Doc. No. 34, ¶ 6.  The scheduling order specifically warned the parties that if they agreed to extend discovery beyond the deadline, then the Court would not intervene "except in extraordinary circumstances."  *Id.*  Further, Local Rule CV-16(d) states that "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery."

The Plaintiff did not file his motion to compel Kathy Gaskamp to comply with discovery until June 29th, four weeks after the discovery deadline.  In his motion, he states that Kathy

Gaskamp's responses were due on April 2, 2012, and she did not comply. This left two months before the end of discovery to bring a motion to compel. Although the undersigned agrees with the Plaintiff that parties should make a "good-faith effort to resolve discovery disputes without court action," Clerk's Doc. No. 65 at 2, Kathy Gaskamp apparently seemed unwilling to cooperate from the outset. She did not provide any indication that she was willing to work out the issues with the Plaintiff: she did not file a motion to quash; and she did not respond to correspondence or return phone calls. *Id.*

The Plaintiff did not file his motion to compel against Washington County until July 25th, almost two months after discovery closed. As with the Kathy Gaskamp, the Plaintiff knew that Washington County would not comply before the discovery period closed. In April, Washington County informed the Plaintiff that it did not have the documents within its possession, care, custody or control, and has not equivocated on this position. No exceptional circumstances to explain the late filings are offered by Plaintiff, nor are any apparent to the Court.

As the Plaintiff's motions were filed after the deadline, and Plaintiff fails to demonstrate extraordinary circumstances, the Court will not compel the parties to comply with the Plaintiff's requests. The parties have already submitted motions for summary judgment and trial is near. It would be inappropriate to effectively reopen discovery, and therefore potentially have parties amend their dispositive motions, this close to trial. This is precisely why the scheduling order, and Local Rule CV-16, state that the Court will not entertain discovery motions after the discovery period closes.

Therefore, the Court HEREBY DENIES the Plaintiff's Motion to Compel Kathy Lynn Gaskamp Graves to Respond to Interrogatories and Request for Production (Clerk's Doc. No. 65),

and the Plaintiff's Motion to Compel Document Production from Washington County District Attorney's Office or Alternatively Issuance of Show Cause Order and Request for Grand Jury Transcripts (Clerk's Doc. No. 77).

SIGNED this 2nd day of August, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE